

ENTERED
08/31/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | CASE NO: 19-34698 | |
| KP ENGINEERING, LP, *et al* § | CHAPTER 11 | |
| § | | |
| Debtor(s). § | DAVID R. JONES | |
| § | | |
| § | | |
| OFFICIAL COMMITTEE OF § | | |
| UNSECURED CREDITORS OF KP § | | |
| ENGINEERING, LP AND KP § | | |
| ENGINEERING, LLC § | | |
| § | | |
| Plaintiff(s), § | | |
| § | | |
| vs. § | ADVERSARY NO. 20-03035 | |
| § | | |
| BRANDON T. STEELE, *et al* § | | |
| § | | |
| Defendant(s). § | | |

REPORT AND RECOMMENDATION TO
THE UNITED STATES DISTRICT COURT REGARDING THE
<u>WITHDRAWAL OF THE REFERENCE OF THIS ADVERSARY PROCEEDING</u>
(Docket No. 34, 39)

  Before the Court are the Motions to Withdraw the Reference filed by Ric Steele, Ken Baxter [Docket No. 34] and Tony Freeman [Docket No. 39]. For the reasons set forth below, the Court recommends that the District Court withdraw the reference to the Bankruptcy Court of Adversary Proceeding No. 20-3035 for purposes of trial only.

### Background

  1. KP Engineering, LP filed a voluntary chapter 11 petition on August 23, 2019 [Docket No. 1, Case No. 19-34698] along with an affiliate (KP Engineering, LLC [No. 19-34699]). An order for joint administration was entered on August 26, 2019 [Docket No. 39, Case No. 19-34698].

  2. By order entered June 12, 2020, the Court confirmed the Debtors' third amended joint chapter 11 plan of reorganization (the "Plan") [Docket No. 575, Case No. 19-34698].

  3. On February 4, 2020, the Official Committee of Unsecured Creditors (the "UCC") initiated this adversary proceeding against ten former affiliates and insiders to recover

certain alleged preferential and fraudulent transfers totaling approximately $100 million [Docket No. 1]. Under the terms of the Plan, the Liquidating Trustee is now the proper plaintiff in this adversary.

4. The Defendants timely requested a jury trial and did not filed proofs of claim in the main bankruptcy case. The Defendants do not consent to a trial before the Bankruptcy Court,

5. Ken Baxter and Ric Steele filed their motion to withdraw the reference on April 23, 2020 [Docket No. 34]. Tony Freeman filed his motion to withdraw the reference on May 1, 2020 [Docket No. 39]. The remaining Defendants filed a joinder to the Baxter/Steele motion on May 4, 2020 [Docket No. 40]. The primary, but not exclusive, basis for the request is the asserted right to a jury trial.

6. The Liquidating Trustee filed his response to the motions on August 21, 2020 [Docket No. 48]. The Liquidating Trustee does not genuinely contest the Defendants' right to a jury trial before the District Court but believes that all pre-trial matters should remain before the Bankruptcy Court. The Defendants assert that the withdrawal should occur immediately.

7. The Court conducted a hearing on the motions on August 27, 2020. At the hearing, all parties agreed that the reference must be withdrawn due to the presence of a jury trial right. The disputed issue that remains is when the reference should be withdrawn.

## Analysis

8. The District Court may withdraw, in whole or in part, any case or proceeding referred under § 157, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). The Defendants timely requested a jury trial and do not consent to a jury trial before this Court. A bankruptcy court may not conduct a jury trial without the consent of all parties. *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994). If the jury demands are proper, sufficient cause is established to withdraw the reference.

9. The Seventh Amendment provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce rights that are at least analogous to those tried at common law in the late 18th century English courts. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *Lorillard v. Pons*, 434 U.S. 575, 583 (1978). A suit "at common law" refers to a suit "in which *legal* rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

10. Differentiating "suits at common law" from equitable proceedings requires a two-step analysis: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. U.S.*, 481 U.S. 412, 417-18 (1987)). "The second stage of this analysis is more important than the first." *Granfinanciera*, 492 U.S. at 42. A request for a money judgment generally indicates

that the claim should be denominated as legal rather than equitable. *See Granfinanciera*, 492 U.S. at 47; *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 476 (1962).

11. After reviewing the current complaint, the Court finds that (i) the claims are predominantly legal claims; and (ii) the remedies sought by the Liquidating Trustee are legal in nature. The Court notes that the Defendants have not filed proofs of claim in the underlying bankruptcy case. The Court further finds that at least one of the Defendants is entitled to a jury trial. As no defendant consents to a jury trial before the bankruptcy court, the Court finds that withdrawal of the reference is required under 28 U.S.C. § 157(d).

12. Bankruptcy courts frequently operate as magistrate courts with respect to pre-trial matters in litigation proceedings that involve bankruptcy issues. In view of the nature of the claims asserted by the Liquidating Trustee, the Court's familiarity with the case and the predominance of bankruptcy issues, the Court recommends and stands ready to handle those pre-trial matters that the District Court determines appropriate.

### Conclusion

For the reasons set forth above, the Court recommends that the reference be withdrawn for trial only and that the District Court assign all pre-trial matters to this Court.

**SIGNED: August 27, 2020.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE